UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD LEWIS HIGGINBOTTOM, II, | ) | CASE NO. 5:16cv2419 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | |
| VICTOR V. VIGLUICCI, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* Plaintiff Ronald Lewis Higginbottom, II filed this action under 42 U.S.C. § 1983 against Portage County Prosecutor Victor V. Vigluicci. In the complaint, plaintiff challenges his criminal prosecution in 2012 for attempted murder, aggravated burglary, and tampering with evidence. He seeks release from prison, and monetary damages of $1,800,000.00 per day of his incarceration.

## I.   Background

Plaintiff was indicted by the Portage County Grand Jury on July 6, 2011 and December 15, 2011. He contends the prosecutor and the judge misled him to believe his indictment and prosecution were criminal matters when, in fact, they were commercial in nature. He suggests he is a debtor to himself as well as his own secured creditor. He further describes himself as his beneficiary, and authorized representative of himself as a debtor. He describes his incarceration as a lien. It appears he attempted to discharge himself in bankruptcy.

This is Plaintiff's third civil rights action filed in this federal Court against Prosecutor Victor Vigluicci. In June 2015, he filed an action against Vigluicci claiming, as in this case, that he is the debtor and secured creditor of himself. *See Higginbottom v. Viglucci*, No. 1:15-cv-1125 (N.D. Ohio, filed June 3, 2015) (Boyko, J.). The Court dismissed the case under 28 U.S.C. § 1915A. Plaintiff filed a second case against Vigluicci and Judge John A. Enlow in August 2016. *See Higginbottom v. Enlow*, No. 5:16-cv-1933 (N.D. Ohio, filed Aug. 1, 2016) (Adams, J.). In that case, he challenged his 2012 conviction on the ground of "misapplication of statute, indictment." *Id.* The Court also dismissed that case under 28 U.S.C. § 1915A.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  Analysis

As an initial matter, this case is barred by the doctrine of *res judicata*, which dictates that a final judgment on the merits of a claim or issue precludes a party from bringing a subsequent lawsuit on the same claim or issue, or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right

of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff has attempted to challenge his criminal conviction under commercial law theories on two prior occasions. His complaints were dismissed with prejudice each time. He is precluded from litigating this matter for a third time.

Furthermore, as the Court indicated to plaintiff in his two prior actions, he cannot challenge his conviction or sentence in a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

Finally, plaintiff cannot pursue an action for damages to attack his conviction. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the court determines that the plaintiff's action, even if successful, will not demonstrate the

invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, although the plaintiff's claims are frivolous, if the court were to find they had merit, they would call into question the validity of his conviction. He cannot pursue these claims unless his conviction has been overturned on appeal or invalidated by a federal writ of habeas corpus. Neither of these things occurred. Plaintiff cannot pursue these claims in a civil rights action.

### IV.   Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 14, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**